1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gaylord N. Pierce, a married man, | No. CV 07-1023-PHX-EHC |
| Plaintiff, | **ORDER** |
| vs. | |
| Central United Life Insurance Company, a corporation, | |
| Defendant. | |

This case is before the Court on Defendant's Motion for Summary Judgment Re Class Action and Alternative Motion to Stay (Doc. 87) supported by a Statement of Facts (Doc. 88). Plaintiff has filed an Opposition Response (Doc. 90), Responsive Statement of Facts (Doc. 91), and a Motion to File a Cross-Motion for Summary Judgment (Doc. 89-90). Defendant has filed a Reply in support of its Motion for Summary Judgment or to Stay, a Response to Plaintiff's Cross-Motion for Summary Judgment (Doc. 96), and a Response to Plaintiff's Additional Facts (Doc. 97). Plaintiff has filed a Reply (Doc. 101).

Procedural Background

On April 19, 2007, Plaintiff filed this action in the Maricopa County Superior Court asserting claims for (1) breach of the duty of good faith and fair dealing; (2) breach of contract; and (3) declaratory relief (Doc. 1- Exh. A). Plaintiff alleges that Defendant failed to pay the full benefit owed to him under a Cancer Treatment Benefit Policy ("the Policy")

he bought from Dixie National Life Insurance Company ("Dixie") in 1991. On July 1, 1994, Defendant assumed all of Dixie's contractual liabilities "under the same terms and conditions as set forth in this Policy" (Doc. 58 at 2). Defendant removed the case based on diversity jurisdiction (Doc. 1).

On July 15, 2009, the Court filed an Order denying Defendant's Motion for Summary Judgment and granting Plaintiff's Motion for Partial Summary Judgment (Doc. 58 - Order). The Court concluded in the Order that the phrase "actual charges" as used in the Policy is reasonably defined as the amount billed by the health care provider, before any insurance adjustments that may reduce the amount that the health care provider accepts as payment in full. Plaintiff's Motion for Partial Summary Judgment was granted as to the breach of contract claim. Defendant's Motion for Summary Judgment was denied as to Plaintiff's breach of contract and bad faith claims. The Court withheld judgment on the amount of damages that Plaintiff may be entitled to on his breach of contract claim because the Court did not have sufficient information to determine damages (Doc. 58 at 14 n.2).

In a Joint Status Report (Doc. 59) filed on July 31, 2009, the parties reported that they did not agree on the amount that should have been paid to Plaintiff under the Court's interpretation of the policy language, that Defendant contends some services were not covered under the Policy at all, and that Defendant might assert a defense to Plaintiff's breach of contract claim based on the class action lawsuit, Skelton v. Central United Life Insurance Company, No. CV-2008-900178, Circuit Court of Mobile County, State of Alabama ("the Skelton case"). The parties requested additional discovery.

In an Order (Doc. 61 - Order) filed on September 4, 2009, the Court allowed the parties to conduct additional discovery as requested in their Joint Status Report.

On March 9, 2010, the Court filed an Order (Doc. 81 - Order) granting Defendant's Renewed Motion for Leave to File First Amended Answer (Doc. 71). Defendant had requested leave to amend its Answer to assert an affirmative defense of res judicata. Defendant's First Amended Answer (Doc. 82), filed on March 9, 2010, pleaded res judicata,

1  collateral estoppel and full faith and credit under 28 U.S.C. § 1738 based on the final
2  judgment entered in the Alabama Skelton class action (Doc. 82 ¶ 38). The presently pending
3  summary judgment proceedings were then filed.

## Discussion

5        Defendant argues in support of summary judgment that the Skelton case litigated the
6  facts and law relating to the interpretation of "actual charges" in Defendant's supplemental
7  cancer policy, that Plaintiff was a member of the Skelton class, that the notice plan approved
8  by the Alabama court in the Skelton case afforded Plaintiff proper and sufficient notice, and
9  that Plaintiff did not opt-out of the Skelton class action. Defendant argues that the Skelton
10 class settlement is binding and bars future actions against Defendant and that federal courts
11 must give full faith and credit to state-court judgments. Defendant further argues that the
12 Alabama court retained exclusive and continuing jurisdiction over the matter and therefore
13 any issue regarding the adequacy of the notice and whether Plaintiff properly opted out of
14 the Skelton class should be raised before the Alabama court. Defendant argues in the
15 alternative that the present case before this Court should be stayed pending a determination
16 by the Alabama court of whether notice was appropriate and/or whether Plaintiff opted out
17 of the Skelton class.

18       In his responsive briefing, Plaintiff argues that Defendant waived the defense of res
19 judicata by informing this Court at a hearing that Plaintiff had opted out of the Skelton class
20 action suit and by previously moving for summary judgment on the issue of the interpretation
21 of "actual charges" in the Policy. Plaintiff further argues that Defendant in the Alabama
22 Skelton case effectively agreed to Plaintiff's late opt-out motion when Defendant did not
23 oppose in that case the late filing of an opt-out motion by another class member. Plaintiff
24 contends that his filing of individual suits in this and other courts prior to the filing of the
25 Skelton case operates as an opt-out of the Alabama class action. Plaintiff argues that there
26 was insufficient notice of the Skelton class action so as to deprive him of due process, that
27 he did not receive notice of the Skelton class action, and that the notice of class action in

1  Skelton was ambiguous regarding the deadline for opting out.  Plaintiff argues that, in any
2  event, he does not meet the definition of the settlement class in Skelton and he has other
3  claims that were not included in the Skelton class action.  Plaintiff opposes Defendant's
4  alternative motion to stay.  Plaintiff has moved to file a Cross-Motion for Summary
5  Judgment and asked that the Court consider his response as a Cross-Motion for Summary
6  Judgment on the issue of res judicata.

7        The undisputed facts show that Plaintiff was included as a possible class member in
8  the Skelton case.  On April 10, 2008, the Alabama Court in a Preliminary Order approved
9  a proposed settlement, certified a settlement class, approved the proposed class action
10  settlement notice program, and set a final fairness hearing (Doc. 88- Defendant's Statement
11  of Facts [DSOF] ¶¶ 19-20).  The Preliminary Order made provision for the option of being
12  excluded from the class by a set deadline (June 3, 2008) (DSOF ¶ 21). Plaintiff's name and
13  address were included in a database relevant to mailed notices of the Skelton class action
14  (DSOF ¶¶ 23, 26).  The Skelton case summary shows entries dated June 16, 2008 regarding
15  Plaintiff's (Pierce's) settlement class exclusion form and his "Motion for Leave to Opt Out
16  of Class or in the Alternative to File Objection to Settlement" (Doc. 88 - Exh. 7, pp. 13-14).

17        On October 9, 2008, the Alabama court in the Skelton case entered a "Final Judgment
18  Approving Class Action Settlement" ("Final Judgment").  The Final Judgment provides that
19  "the requirements for notifying class members were met .... " (DSOF ¶ 47 - Exh. 5 [Final
20  Judgment at 59 ¶ 4]). The Final Judgment in the Skelton case further provides that "[t]his
21  Judgment and the terms of the Settlement Agreement include and apply to all Non-Opt-Out
22  Settlement Class Members, and all such persons shall be bound by the Settlement Agreement
23  and by this Judgment" (DSOF ¶ 42 - Exh. 5 [Final Judgment at 63 ¶¶ 3-4] ). The Final
24  Judgment in Skelton contains a continuing jurisdiction provision as follows:

25        ... [T]his Court hereby retains exclusive and continuing
      jurisdiction over the Non-Opt-Out Settlement Class Members,
26        the Litigation, the Settlement Class, the Class Representatives,
      Class Counsel, and Defendant, for all purposes including, but
27        not limited to (i) supervising the implementation, enforcement,

28        - 4 -

> construction and interpretation of the Settlement Agreement, the Preliminary Approval Order, and this Final Judgment, (ii) supervising and enforcing the Settlement Agreement and the administration and payment of Settlement Benefits; and (iii) determining any dispute concerning or related to attorney's fees or expenses.

(DSOF ¶ 48 - Exh. 5 [Final Judgment at 65 ¶ 12]).

At a hearing before this Court in the instant case on March 9, 2009, Defendant's counsel reported to the Court that: "There's been a class action that has been approved and settled relating to this issue. Mr. Pierce opted out of that, and that's why we're dealing with this as an individual case" (Doc. 56 - Hearing Transcript at 22).

On or about September 21, 2009, Plaintiff's counsel sent a letter to the Alabama court identifying Plaintiff's (Pierce's) pending motion to opt-out in the Skelton case and requested a ruling (Doc. 91 - Plaintiff's Statement of Facts [PSOF] ¶ 83 - Exh. 4 [Affidavit of Wayne C. Arnett ("Arnett Affidavit")]; Doc. 97 - Defendant's Response to Plaintiff's Statement of Facts ¶ 34).

On October 26, 2009, Defendant Central United and Class Counsel filed in the Skelton case a Joint Response to Plaintiff's (Pierce's) Motion for Leave to Opt Out of Class or in the Alternative to File Objection to Settlement, suggesting that the motion was moot (PSOF ¶ 84 - Exh. 4 [Arnett Affidavit]; Doc. 97 - Defendant's Response to Plaintiff's Statement of Facts ¶ 35).

It is undisputed (and the parties agree) that the Alabama court in the Skelton class action did not rule on Plaintiff's (Pierce's) motion to opt-out before entering the Final Judgment or at any time thereafter.

Plaintiff filed the case pending in this Court before the Skelton case was filed in the Alabama court. However, the "mere pendency and continued prosecution of a separate suit, which the litigant instituted before commencement of the 'opt-out' period in a related class action, neither registers nor preserves a litigant's election to 'opt-out' of the related class action." Demint v. Nations Bank Corp., 208 F.R.D. 639, 641 (M.D.Fla. 2002).

- 5 -

In addition to moving for summary judgment on res judicata grounds, Defendant moves in the alternative for a stay of the present case pending a determination by the Alabama court in Skelton of whether the notice of class action was appropriate and/or whether Plaintiff opted out of the Skelton class (Doc. 87 at 13). Plaintiff opposes a stay, arguing there is no precedent for such a stay, there is no reason to believe that the Alabama court will rule on Plaintiff's motion to opt out, and this Court is required to assess independently whether Plaintiff was afforded due process and equal protection by the Alabama court (Doc. 90 at 17).

A court's ability to stay a pending action is incidental to its inherent power to control the disposition of the cases on its docket with economy of time and effort for itself, counsel, and litigants. Landis v. North American Co., 299 U.S. 248, 254 (1936). See Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863-864 (9th Cir. 1979)("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.").

The Alabama court did not rule on Plaintiff's motion to opt out filed in the Skelton case. The Alabama court has exercised continuing and exclusive jurisdiction over the Skelton case. The parties therefore will be afforded an opportunity to seek a determination by the Alabama court of whether Plaintiff opted out of the class and other related issues. Plaintiff will not be prejudiced by a stay of the instant case because either (1) Plaintiff is a member of the Skelton class action and entitled to the relief afforded there or, if not, (2) Plaintiff's case may proceed to disposition in this Court. Although Plaintiff may have claims pending in this Court in addition to the dispute over "actual charges" that appears to have

- 6 -

been at issue in the Alabama Skelton case, a stay is not precluded.[1]  The Court has determined that a stay of proceedings is appropriate based upon considerations of comity, fairness to the litigants and judicial economy.  The Court further has determined that a stay of 120 days is a reasonable period of time in which the parties may petition the Alabama court for relief as appropriate and which will not result in undue delay of the present proceedings.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment Re Class Action and Alternative Motion to Stay (Doc. 87) is granted in part.

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay (Doc. 87) is granted for a period of 120 days while the parties may petition for relief as appropriate in Skelton v. Central United Life Insurance Company, No. CV-2008-900178, Circuit Court of Mobile County, State of Alabama.

**IT IS FURTHER ORDERED** that the parties shall file a Joint Status Report every 30 days, commencing on February 1, 2011, informing the Court of the status of the case.

//

---

[1] In its Reply, Defendant does not dispute that Plaintiff has some claims that relate to issues that are not "actual charges" claims:
> ... Pierce contends he is not a member of the class because he has some claims that relate to issues that are not 'actual charges' claims.  And on this, he is partially right - - his 'coverage' related claims were not adjudicated in the *Skelton* matter - - but that does not mean he is not a member of the *Skelton* class. While his coverage claims may continue here, the 'actual charges' claims are barred by the doctrines of *res judicata* and collateral estoppel as a matter of law.  This Court cannot consider them without essentially overturning the Alabama Court in violation of the full faith and credit clause. ..."

(Doc. 96 - Defendant's Reply at 7).

- 7 -

1    **IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment Re
2  Class Action (Doc. 87) and Plaintiff's Motion to File a Cross-Motion for Summary Judgment
3  (Doc. 89-90) remain pending while the case is stayed.
4    DATED this 28th day of December, 2010.

*Earl H. Carroll*
Earl H. Carroll
United States District Judge